FILED

IN THE UNITED STATES DISTRICT COURT 3: 09
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MCKESSON CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SATVIK THAKKAR; SPAR USA, | ) CASE NO. 6:18-CV-00013-ORL-40-GJK |
| LLC, d/b/a SIGNATURE | ) |
| PHARMACY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT REQUESTING DAMAGES FOR BREACH OF CONTRACT, VOIDABLE TRANSFER AND COMMON COUNTS

Plaintiff McKesson Corporation ("Plaintiff") files this Complaint against defendants Satvik Thakkar ("Satvik") and Spar USA, LLC, d/b/a Signature Pharmacy ("Signature Pharmacy"), and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. §1332, in that this is a civil action between citizens of different states, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a

113607298.1

substantial part of the events giving rise to this action occurred in this judicial district.

## THE PARTIES

3. Plaintiff is a Virginia corporation, with its principal place of business located at 9954 Mayland Drive, Richmond, Virginia, and is qualified to do business in the state of Virginia.

4. Satvik is an individual residing in Florida.

5. Signature Pharmacy is a limited liability company doing business in Orange County, Florida, and Satvik is its sole member.

6. Jurisdiction is based on 28 U.S.C. §1332, in that this is a civil action between citizens of different states, with total diversity, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

7. Plaintiff is informed and believes, and based thereon alleges, that Satvik owns, manages and operates Signature Pharmacy, a competing pharmacy to Colonial Pharmacy. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein there existed a unity of ownership and interest between Satvik and Signature Pharmacy, such that any

individuality and separateness between Satvik and Signature Pharmacy is illusory and Signature Pharmacy is the alter-ego of Satvik. Furthermore, Plaintiff is informed and believes and thereon alleges that Satvik controls, dominates, manages, and operates Signature Pharmacy and intermingled the assets of the corporate defendant to suit the convenience Satvik; and, Signature Pharmacy is merely a shell instrumentality and conduit through which Satvik carries on his business. Plaintiff is further informed and believes and thereon alleges that adherence to the fiction of the separate existence of Signature Pharmacy and Satvik would permit an abuse of the corporate privilege and would sanction a fraud and promote injustice

8.  On or about February 10, 2012, Colonial Drugs of Orlando, LLC, Colonial Drugs, LLC, Colonial Drugs of Kissimmee, LLC, and Deltona Pharmacy of Florida, LLC (collectively, "Colonial"), executed and delivered to Plaintiff an Amended and Restated Promissory Note (Variable-Rate) ("Note") in the sum of $4,350,000.00, a copy of which is attached as **Exhibit 1**. Pursuant to the terms of said Note, Colonial promised to repay to Plaintiff the principal plus interest in installments as set forth in said Note starting on April 1, 2012 with a final installment due on March 1, 2022, when the outstanding principal amount and any unpaid accrued interest shall be due and

113607298.1

payable.

9. To secure repayment of the indebtedness evidenced by the Note, Colonial executed and delivered to Plaintiff a Security Agreement ("Security Agreement"), a copy of which is attached as **Exhibit 2.** Pursuant to the terms of the Security Agreement, Colonial granted to Plaintiff a security interest in the collateral as described in Exhibit A attached thereto (collectively, the "Collateral").

10. Plaintiff is informed and believes, and based thereon alleges, that Satvik in violation of the Security Agreement, and without the knowledge and consent of Plaintiff, caused to be transferred certain of the Collateral to Signature Pharmacy.

11. Events of monetary and non-monetary defaults under the Note and Security Agreement (collectively, the "Defaults") have occurred, and, as a result of the Defaults, there is now due, owing and payable to Plaintiff from Colonial in accordance with the terms of its Note the principal sum of $2,066,250.00 ("Principal Indebtedness"), plus accruing interest and late charges pursuant to the terms of said Note, according to proof at time of trial or entry of judgment.

12. Plaintiff is obligated to pay its undersigned attorneys a reasonable

fee for their services and Satvik is liable to pay same under the Guaranty, Exhibit 3 hereto.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

13. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, of the Complaint as if those allegations were set forth herein.

14. On or about February 10, 2012, Satvik executed and delivered to Plaintiff an Individual Guaranty ("Guaranty"), a copy of which is attached as **Exhibit 3**, and incorporated by reference. Pursuant to the terms of said Guaranty, Satvik guaranteed to Plaintiff the payment, performance and satisfaction of the indebtedness of Colonial, in an amount equal to 40% of said indebtedness. The Note constitutes the obligation as defined in said Guaranty and was granted to Colonial in reliance, in part, upon Satvik' s obligations thereunder. Plaintiff accepted the Guaranty and, in reliance thereon, extended credit to Colonial on the Note.

15. Satvik is indebted to Plaintiff pursuant to the terms of the Guaranty in the principal sum of $826,500.00 (i.e., 40% of the Principal Indebtedness), together with unpaid accrued interest, late charges, and other

fees and charges, according to proof at time of trial or entry of judgment.

## SECOND CLAIM FOR RELIEF
### (Money Due)

16. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, of the Complaint as if those allegations were set forth herein.

17. Within the last four years, Satvik became indebted to Plaintiff in the sum of $826,500.00 for money due to Plaintiff by said Satvik for its benefit and at its request.

18. Although payment for the unpaid balance has been demanded, there is due, owing and unpaid from said Satvik to Plaintiff the sum of $826,500.00, plus interest at the legal rate of interest according to proof at time of trial or entry of judgment. Said Satvik failed and refused, and continues to fail and refuse, to pay any part thereof.

## THIRD CLAIM FOR RELIEF
### (Account Stated)

19. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, of the Complaint as if those allegations were set forth herein.

20. Within the last four years, an account was stated in writing by and

113607298.1

between Plaintiff and Satvik wherein it was agreed that said Satvik was indebted to Plaintiff in the sum of $826,500.00.

21. Although payment of the unpaid balance has been demanded, and there is now due, owing and unpaid to Plaintiff from said Satvik the sum of $826,500.00, plus interest at the legal rate according to proof at time of trial or entry of judgment. Said Satvik failed and refused, and continue to fail and refuse, to pay any part thereof.

## **FOURTH CLAIM FOR RELIEF**
### (Conversion)

22. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, of the Complaint as if those allegations were set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges, that Satvik and Signature Pharmacy ("Conversion Defendants") prior to the commencement of this action, wrongfully sold, transferred or otherwise converted the Collateral to their own use and benefit.

24. Plaintiff is entitled to recover from said Conversion Defendants the value of the Collateral at the time of conversion, plus interest from the date of conversion, or an amount sufficient to indemnify Plaintiff for all loss

113607298.1

naturally, reasonably and proximately resulting from the conversion, plus compensation for the time and money expended by Plaintiff in pursuit of the Collateral, all according to proof at time of trial or entry of judgment.

## FIFTH CLAIM FOR RELIEF
### (Voidable Transfer)

25. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, and the Fourth Claim of the Complaint as if those allegations were set forth herein.

26. Plaintiff is informed and believes, and based thereon alleges, that Satvik prior to the commencement of this action, wrongfully and without adequate consideration transferred the Collateral to Signature Pharmacy (the "Transfer").

27. Plaintiff is informed and believes and thereon alleges, that Satvik and Signature Pharmacy at the time of the Transfer times knew that Satvik did not receive a reasonably equivalent value in exchange for the Collateral and the Transfer was to the detriment of Plaintiff, and other creditors.

28. Plaintiff is informed and believes and thereon alleges, that Satvik and Signature Pharmacy willingly and knowingly conspired to hinder, delay, defraud and deprive the Satvik's creditors, including Plaintiff, of the financial

ability and wherewithal to repay said creditors.

29. As a proximate result of the Transfer, Plaintiff has been damaged in an amount according to proof at time of trial or entry of judgment.

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

30. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12, inclusive, and the Fourth and Fifth Claims of the Complaint as if those allegations were set forth herein.

31. Signature Pharmacy has been unjustly enriched by virtue of the Transfer and the receipt of the Collateral, and justice would not be served if Signature Pharmacy were permitted to retain the interest in or the value of said Collateral. As a consequence thereof, Signature Pharmacy has been unjustly enriched at the expense of Plaintiff in an amount according to proof at time of trial or entry of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants as follows:

<u>On the First, Second and Third Claims for Relief:</u>

1. For damages in the sum of $826,500.00, or according to proof;

and,

2. For interest, fees and charges, and attorneys' fees as allowed by law, according to proof.

On the Fourth Claim for Relief:

3. For the value of the Collateral at the time of conversion, with interest at the legal rate from that time, or an amount sufficient to indemnify Plaintiff for all loss naturally, reasonably and proximately resulting from the conversion, plus compensation for the time and money expended by Plaintiff in pursuit of the Collateral, all according to proof at the time of trial or time of judgment.

On the Fifth and Sixth Claims for Relief:

4. For damages in an amount according to proof at time of trial or entry of judgment.

On all Claims for Relief:

5. For costs of suit herein incurred; and,
6. For such other and further relief as the court may deem proper.

Dated: January 2, 2018.

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.
100 S.E. Second Street, Suite 4200
Miami, FL 33131
Telephone:      (305) 530-0050
Facsimile:      (305) 530-0055

By: _____
NIALL T. MCLACHLAN
Fla. Bar No: 059552
nmclachlan@carltonfields.com
cguzman@carltonfields.com
miaecf@cfdom.net
STEPHANIE E. AMBS
Fla. Bar No: 102261
sambs@carltonfields.com
kathompson@carltonfields.com

113607298.1